UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUITY FUNDING, LLC, a Washington limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation,<br><br>            Defendant. | CASE NO. C12-5359 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation,<br><br>            Third-Party Plaintiff,<br><br>     v.<br><br>WENTWOOD ROLLINGBROOK, L.P., a Delaware limited partnership,<br><br>            Third-Party Defendant. | |

This matter comes before the Court on Equity Funding, LLC's ("Equity") motion for summary judgment (Dkt. 19). The Court has considered the pleadings filed in support

ORDER - 1

of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 14, 2011, Equity filed a second amended complaint alleging that Defendant Illinois Union Insurance Company ("Illinois Union") owed Equity $750,000 pursuant to a contract of insurance. Dkt. 1. Equity alleges that Illinois Union issued a check for that amount, but the check was improperly endorsed and Equity never received the payment. *Id*. The complaint was filed in a separate action, but the Court severed this matter from that action and opened this matter. Dkt. 2

On September 29, 2012, Equity filed a motion for summary judgment. Dkt. 19. On October 15, 2012, Illinois Union responded. Dkt. 25. On October 19, 2012, Equity replied. Dkt. 30. On October 22, 2012, Illinois Union filed a surreply (Dkt. 31) and Equity filed a surreply (Dkt. 32).

## II. FACTUAL BACKGROUND

For the purposes of the present motion, there are only a few relevant facts. Illinois Union issued a check to two payees: Equity's predecessor Centrum Financial Services ("Centrum") and Third-Party Defendant Wentwood Rollingbrook, L.P. ("Wentwood"). Dkt. 19, Exh. 2. The check was deposited at Bank of America and contains a stamp showing Centrum's name and address and a handwritten signature of Wentwood. *Id*. Equity contends that, without authorization, Wentwood placed the Centrum stamp on the check and failed to use the proceeds for which they were intended. Dkt. 27, ¶ 10

(Stipulation of Facts). Illinois Union contends that the stamp was authorized by Centrum. *Id*.

### III. DISCUSSION

As a threshold matter, a surreply may only include a motion to strike inappropriate material submitted in or with a reply. Local Rule CR 7(g). Equity contends that Illinois Union's surreply contains additional argument regarding the merits of the issues before the Court and, therefore, the Court should strike the surreply. Dkt. 32. The Court agrees and will not consider Equity's surreply. Even so, the Court is charged with considering all applicable statutory law when addressing issues of law.

With regard to the issues on summary judgment, Illinois Union contends that there are two questions of fact before the Court: (1) whether the endorsement of the check was forged or authorized and (2) the amount of damages. Dkt. 25 at 2. The Court will address each issue.

**A.  Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

1 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must
2 present specific, significant probative evidence, not simply "some metaphysical doubt").
3 *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists
4 if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or
5 jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477
6 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
7 626, 630 (9th Cir. 1987).

8 　　　　The determination of the existence of a material fact is often a close question. The
9 Court must consider the substantive evidentiary burden that the nonmoving party must
10 meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
11 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual
12 issues of controversy in favor of the nonmoving party only when the facts specifically
13 attested by that party contradict facts specifically attested by the moving party.  The
14 nonmoving party may not merely state that it will discredit the moving party's evidence
15 at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*
16 *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,
17 nonspecific statements in affidavits are not sufficient, and missing facts will not be
18 presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

19 **B.**　　**Signature**
20 　　　　"A signature may be made (i) manually or by means of a device or machine, and
21 (ii) by the use of any name, including a trade or assumed name, or by a word, mark, or
22

1 symbol executed or adopted by a person with present intention to authenticate a writing."

2 RCW 62A.3–401.

3 In this case, Equity argues that the rubber stamp on the back of the check is not a signature and, therefore, the check was not properly endorsed. Dkt. 19 at 12. The Court disagrees as the law in Washington is clear that the rubber stamp may be accepted as a signature. Therefore, the issue becomes whether the rubber stamp was authorized, which is a question of fact for the fact finder, and the Court denies Equity's motion on the issue of whether the check was properly endorsed.

**C. Damages**

Equity argues that there is no question of fact as to damages because "[i]n the absence of a proper endorsement on the check, the measure of damages is the amount of the check." Dkt. 30 at 4. While Equity may be correct, the check contains a facially proper, albeit allegedly unauthorized, endorsement. Equity's proposition does not apply to the facts of this case. Therefore, the Court denies Equity's motion on this issue.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Equity's motion for summary judgment (Dkt. 19) is **DENIED.**

Dated this 8th day of November, 2012.

                        BENJAMIN H. SETTLE
                        United States District Judge