UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUITY FUNDING LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ILLINOIS UNION INSURANCE COMPANY, an Illinois Corporation,<br><br>    Defendant. | CASE NO. C12-5359 BHS<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS AND GRANTING THIRD-PARTY PLAINTIFF LEAVE TO AMEND |
| ILLINOIS UNION INSURANCE COMPANY, an Illinois Corporation,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>WENTWOOD ROLLINGBROOK, L.P., a Delaware limited partnership; and BANK OF AMERICA, N.A., a National Banking Association,<br><br>    Third-Party Defendants. | |

    This matter comes before the Court on Third-Party Defendant Bank of America, N.A.'s ("BANA") motion to dismiss (Dkt. 40). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On April 23, 2012, the Court initiated this action by severing Plaintiff Equity Funding, LLC's ("Equity") claims from a related action. Dkt. 1. Equity alleges that, because of an improper endorsement, it did not receive insurance proceeds from Defendant Illinois Union Insurance Company ("IUIC"). *Id*. ¶¶ 5.1–5.6. On October 30, 2012, IUIC filed an amended answer and included a third-party complaint against BANA. Dkt. 34 ("Complaint"). IUIC asserts five claims for relief against BANA: (1) a declaration that if IUIC is liable to Equity, IUIC is entitled to a full recovery from BANA (*id*. ¶¶ 22–24); (2) restitution (*id*. ¶ 25); (3) contribution (*id*. ¶ 26); (4) indemnification (*id*. ¶ 27); and (5) negligence and breach of fiduciary duties (*id*. ¶ 28).

On November 27, 2012, BANA filed a motion to dismiss. Dkt. 40. On December 17, 2012, IUIC responded. Dkt. 41. On December 19, 2012, BANA replied. Dkt. 42.

# II. FACTUAL BACKGROUND

The allegations are fairly simple. IUCI alleges that it issued a check "payable to Wentwood Rollingbrook LP and Centrum Financial Services for $750,000 . . . ." Complaint, ¶ 20. Equity, formerly Centrum Financial Services, alleges that the check was improperly endorsed and that it never received the money. The check was cashed at a BANA location. IUIC alleges that, if it is liable to Equity, then BANA is liable to IUIC.

# III. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of

Case 3:12-cv-05359-BHS   Document 43   Filed 01/10/13   Page 3 of 4

1 sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, BANA moves to dismiss all of IUIC's claims with prejudice. First, BANA contends that IUIC's claims are governed by the Uniform Commercial Code ("UCC") and are barred by the applicable statute of limitations. Dkt. 40 at 4–5. IUIC counters that at least two of its claims do not arise under the UCC and are based on common law principles of equity. The Court is unable to determine which position is correct because the claims are conclusory and merely recite the label of the respective cause of action. *See* Complaint, ¶¶ 22–28. Therefore, the Court grants BANA's motion for the reason that merely asserting "restitution" does not sufficiently state a cause of action.

Second, BANA moves to dismiss IUIC's negligence and breach of duty claims because the claims are precluded by the parties' contract. Dkt. 40 at 5. IUIC contends that BANA cites the wrong contract between the parties and that BANA may be held liable as the depository bank. Dkt. 41 at 9. The Court is unable to determine whether this is what IUIC actually claims because of the conclusory nature of the claim. The fact

that the Complaint had to be supplemented by IUIC's response brief shows that the IUIC failed to provide the grounds for any entitlement to relief. Therefore, the Court grants BANA's motion on this claim.

With regard to relief, in the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Although it appears that there exist potential statute of limitations problems, the Court is unable to determine that every amendment would be futile. Therefore, the Court grants IUIC leave to amend. IUIC must file an amended complaint no later than January 23, 2013 and must assert a factual allegation for every element of every claim. Failure to comply with this order may result in **DISMISSAL with prejudice**.

## IV. ORDER

Therefore, it is hereby **ORDERED** that BANA's motion to dismiss (Dkt. 40) is **GRANTED** and IUIC is **GRANTED** leave to amend consistent with this order.

Dated this 10th day of January, 2013.

BENJAMIN H. SETTLE
United States District Judge